**Ida M. WILSON, Plaintiff–Appellant,**

v.

**John FREDERICKS; Karen Hinton; John Lilley, Defendants– Appellees.**

No. 06–16671.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 17, 2008.

Filed April 24, 2008.

Mary Phelps Dugan, Esq., P. Mark Ghan, Esq., University & Community Colleges, Reno, NV, for Defendants–Appellees.

Appeal from the United States District Court for the District of Nevada, Kent J. Dawson, District Judge, Presiding. D.C. No. CV–04–00481–KJD.

Before: TROTT and THOMAS, Circuit Judges, and HOGAN,* District Judge.

MEMORANDUM **

Robert Wilson appeals the district court's grant of summary judgment on his 42 U.S.C. § 1983 free speech claim in favor of Defendants Karen Hinton, John Lilley, and John Frederick. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we af-

firm. We conclude that Wilson's speech was made pursuant to his official duties as a public employee of the University of Nevada Cooperative Extension ("UNCE") and is thus not protected. Even if it was protected, his First Amendment right is outweighed by Defendants' legitimate administrative interest. As the parties are well aware of the facts, we do not recite them here.

"A grant of summary judgment is reviewed de novo." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir.2004). "We must determine, viewing the evidence in the light most favorable to [Wilson], the non-moving party, whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law." *Id.*

The Supreme Court decided *Garcetti v. Ceballos*, 547 U.S. 410, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006), after the parties filed their briefing on Defendants' motion for summary judgment but before the district court ruled on the motion. Because (1) Wilson was given ample notice of this decision before the district court issued its decision, and (2) there is no indication that Wilson made any request for supplemental briefing or entry of further evidence, it was appropriate for the district court to apply *Garcetti* in holding that Wilson's speech was not protected.

"[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Garcetti*, 547 U.S. at 421, 126 S.Ct. 1951. We conclude that both instances of speech Wil-

---

* The Honorable Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

son points to were made pursuant to his official duties as a public employee.

Even if the speech was protected, the district court was correct to hold that Wilson's First Amendment right to free speech is outweighed by Defendants' legitimate administrative interest in having its employees who serve in a public contact role do so in a manner that does not undermine UNCE's credibility. *See id.* at 418–19, 126 S.Ct. 1951; *Pool v. VanRheen,* 297 F.3d 899, 908–09 (9th Cir.2002).

**AFFIRMED.**